**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **TODD PRUETT, 08059492,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **No. 3:08-CV-1525-O** |
| | ) | **ECF** |
| **SHERIFF LUPE VALDEZ,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this has been referred to the United States Magistrate Judge.  The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a *pro se* petition for habeas corpus relief brought by a pre-trial detainee pursuant to 28 U.S.C. § 2241.

Parties:  Petitioner is currently incarcerated at the Dallas County Jail.  Respondent is Dallas County Sheriff Lupe Valdez.

Statement of Case:  Petitioner alleges he is being held on an invalid charge and challenges his continued custody.  He states his appointed attorney and the courts are not sufficiently communicating with him.  He seeks dismissal of the charges against him.

Findings and Conclusions:  Pre-trial petitions for writ of habeas corpus are cognizable under 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him."  *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987); *see also Braden v. 30th*

*Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973).

Pre-trial habeas relief is available only to enforce a state's obligation to bring a defendant promptly to trial, not to adjudicate the merits of a speedy trial claim under the Sixth Amendment and bar the state from proceeding to trial. *Dickerson*, 816 F.2d at 224. In order to be eligible for pre-trial habeas relief pursuant to 28 U.S.C. § 2241, a petitioner must be "in custody" and must have exhausted his available state remedies. *Braden*, 410 U.S. at 488-89; *Dickerson*, 816 F.2d at 224.[1]

Petitioner satisfies the "in custody" requirement. At the time of filing this action, he was incarcerated at the Dallas County Jail. He was found incompetent to stand trial and was transferred to the Big Spring State Hospital. He is currently back in the Dallas County Jail, but has not yet been ruled competent to stand trial.

The record reveals, however, that Petitioner has not fully exhausted his available state remedies on his speedy trial claim.[2] The proper procedure for seeking pre-trial relief on speedy trial grounds is to file a petition for writ of mandamus in the Texas Court of Criminal Appeals.

---

[1] It is only in the post-trial setting that exhaustion is mandated by statute. *Compare* 28 U.S.C. § 2254(b) with 28 U.S.C. § 2241(c)(3). Despite the absence of an exhaustion requirement in § 2241(c)(3), a body of case law has developed holding that federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. *See Dickerson*, 816 F.2d at 225. *See also Braden*, 410 U.S. at 489-92; *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976). This exhaustion doctrine of § 2241(c)(3) was judicially crafted on federalism grounds to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process. *See Dickerson*, 816 F.3d at 225; *Braden,* 410 U.S. at 490-91.

[2] The right to a speedy trial is guaranteed by the Sixth Amendment as applied to the states by the Fourteenth Amendment. *Smith v. Hooey*, 393 U.S. 374, 374-75 (1969) (reversing denial of mandamus relief and holding that State of Texas had a constitutional duty, upon request of federal prisoner that he be brought to trial on state charge, to make a diligent, good-faith effort to bring him before state court for trial). *See also Klopfer v. North Carolina*, 386 U.S. 213, 222-223 (1967).

*See Chapman v. Evans*, 744 S.W.2d 133, 135-138 (Tex. Crim. App. 1988) (conditionally granting mandamus petition seeking to compel district court to set for trial or dismiss pending indictment for offense unrelated to that for which petitioner was presently incarcerated); *Thomas v. Stevenson*, 561 S.W.2d 845, 846-47 (Tex. Crim. App. 1978) (conditionally granting mandamus petition seeking to compel district court to set case for trial).[3]

Petitioner has not pursued a petition for writ of mandamus in the Court of Criminal Appeals. *See Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976) (requiring exhaustion by petition for writ of mandamus, but applying law in effect prior to 1977 amendment to Article V, Section 5 of the Texas Constitution).

Texas has adequate and effective state procedures for obtaining a speedy trial and in the absence of proof that the highest state court with criminal law jurisdiction has been given a fair opportunity to consider petitioner's speedy trial claim, the due administration of justice would be better served by insisting on exhaustion of his state court remedies. As such the petition should be dismissed for failure to exhaust state remedies.

---

[3]      Prior to the 1977 amendment of Article V, Section 5 of the Texas Constitution, the Supreme Court of Texas exclusively issued writs of mandamus to compel speedy trials. *See Thomas*, 561 S.W.2d 845, 846 (Tex. Crim. App. 1978) (cited cases omitted). Effective January 1, 1978, the Texas Court of Criminal Appeals acquired the additional jurisdiction to issue writs of mandamus in cases "regarding criminal matters." *Id.; see also Hill v. Pirtle*, 887 S.W.2d 921, 926 (Tex. Crim. App. 1994); *Lanford v. Fourteenth Court of Appeals*, 847 S.W.2d 581, 584-585 (Tex. Crim. App. 1993); *Smith v. Flack*, 728 S.W.2d 784, 788-789 (Tex. Crim. App. 1987).

RECOMMENDATION

For the foregoing reasons, the Court recommends that the petition for writ of habeas

corpus be dismissed without prejudice for failure to exhaust state court remedies.

Signed this 18th day of August, 2009.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner
provided by law.  Any party who objects to any part of this report and recommendation must file
specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. §
636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific
finding or recommendation to which objection is made, state the basis for the objection, and
specify the place in the magistrate judge's report and recommendation where the disputed
determination is found.  An objection that merely incorporates by reference or refers to the
briefing before the magistrate judge is not specific.  Failure to file specific written objections will
bar the aggrieved party from appealing the factual findings and legal conclusions of the
magistrate judge that are accepted or adopted by the district court, except upon grounds of plain
error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).